No. 121.—ALEXANDER G. BULLOCK, plaintiff in error, *vs.* RUSSELL H. CANNON, administrator of Nathaniel H. Bullock, deceased, defendant in error.

[1.] Whenever the verdict is strongly and decidedly against the weight of evidence, the Courts are constrained, however reluctantly, to grant a new trial.

Assumpsit, in Cass Superior Court. Motion for new trial. Decided by Judge TRIPPE, at Chambers, June 23d, 1856.

Alexander G. Bullock brought an action of assumpsit against Russell H. Cannon, administrator of the estate of Nathaniel H. Bullock, returnable to the March Term, 1851, of Cass Superior Court, on the following account :

Estate of Nathaniel H. Bullock,
                To Alexander G. Bullock,                Dr.
To value of negro man Jerry,                            $800 00
Cash furnished to him in the year 1844, with which
  he was to buy land for said Alexander G. Bullock,
  which land was never received; said debt acknowl-
  edged to be due in 1849,                              450 00
                                                       ―――――――
                                                      $1.250 00

The defendant pleaded the Statute of Limitations and set-off.

The following testimony was introduced on the trial:

WILLIAM G. BULLOCK, sworn : " Plaintiff sold Jerry to defendant's intestate on the 4th January, 1842. Both parties told witness that the price was $800. Nathaniel G. Bullock said nothing to witness about paying for Jerry."

JAMES G. BULLOCK, sworn : Heard Nathaniel H. Bullock, in 1849, acknowledge the justice of plaintiff's account, and

promised to pay the account if he would take a certain piece of land at $1.200.

JOHN G. BULLOCK, sworn : Knows nothing about the items in the account; in 1850, heard Nathaniel H. Bullock say he was owing plaintiff and was desirous of paying him ; and that if Nathaniel H. would sell out his place in Madison, he would sell him land in Cass County.

Evidence for defendant.

HENRY WATSON, sworn : In June, 1842, heard plaintiff say that Nathaniel H. Bullock had paid him for " big Jerry" long since.   In 1839, Nathaniel H. Bullock owed witness for hiring about $150, and at Marietta, he asked witness if he could not wait awhile, as he wanted the money to pay, or help pay, for " big Jerry."

JAMES C. JONES, sworn : He heard plaintiff say, in 1841 or '42, that he was pressed for money, and that N. H. Bullock sent 8 or 10 hogs to plaintiff at Athens, Ga. along about that time or 1847, and proved that pork was worth about 5 cents per pound.

Plaintiff introduced Mr. PARROTT, who testified, that Henry Watson stated, in his answers to interrogatories filed for him in this case, that the conversation he had with plaintiff in relation to the payment for big Jerry was in June, 1841; that witness acted as commissioner, and wrote Watson's answers at the time as he testified.

The Jury found a verdict for the defendant; whereupon, Counsel for plaintiff moved the Court for a new trial, on the following grounds :

1st. Because the verdict of the Jury is against the evidence in the case.

2d. Because the verdict is against the weight of evidence and the principles of justice and equity.

The Court over-ruled the motion, and Counsel for plaintiff excepted.

AKIN, for plaintiff.

JOHNSON, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We are constrained, reluctantly, to grant a new trial in this case.

The acknowledgment of indebtedness by the defendant to the plaintiff is proven by two witnesses; and to rebut this, there is no other evidence offered but that of Watson; and giving that its full force, it extends to the payment for Jerry only, leaving untouched the four hundred and fifty dollars cash advanced in 1844 by the father to the son to buy land for him.